UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HILARIO BARRETO GARCIA and ENRIQUE BARRANCO PIÑA

Plaintiffs,

-against-

POMODORO 518, LLC and YUANLIN LIU,

Defendants.

Case No.:

**COMPLAINT**
**JURY TRIAL DEMANDED**

Plaintiffs Hilario Barreto Garcia and Enrique Barranco Piña, by their attorneys, Sacco & Fillas, LLP, allege as follows upon information and belief:

## 1. NATURE OF THE ACTION

1. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and Articles 6 and 19 of the New York Labor Law ("NYLL"). Plaintiffs, former restaurant delivery workers, seek unpaid minimum wages, overtime compensation, spread-of-hours pay, unlawfully retained gratuities, statutory and liquidated damages, interest, and attorneys' fees and costs.

## 2. PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Hilario Barreto Garcia ("Barreto Garcia") resides in New York County and was employed at Defendants' restaurant in New York County.

3. Plaintiff Enrique Barranco Piña ("Barranco Piña") was likewise employed at Defendants' restaurant in New York County.

4. Defendant Pomodoro 518, LLC ("Pomodoro") is a New York limited liability company that operated a restaurant doing business as "Pomodoro" at 518 Ninth Avenue, New York, New York 10018 (the "Restaurant"), and employed Plaintiffs.

5. Defendant Yuanlin Liu ("Liu") was, upon information and belief, an owner and operator of the Restaurant who exercised operational control over Plaintiffs' employment, including

the authority to hire and fire employees, determine pay, set schedules, supervise work, and maintain payroll records.

6. At all relevant times, Defendants were Plaintiffs' employers under NYLL §§ 190(3) and 651(6), exercised control over their work and wages, and acted directly or through managers and agents.

7. This Court has original subject-matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) over Plaintiff Barranco Piña's FLSA claims.

8. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiffs' NYLL claims because they arise from the same restaurant operation, substantially similar compensation practices, and common questions of employer control and wage compliance.

9. At all relevant times, Defendants operated an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A), with annual gross sales or business done of not less than $500,000.

10. Defendants' employees regularly handled, sold, or worked with food, beverages, equipment, supplies, and other goods or materials that had moved in or were produced for interstate commerce.

11. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because the employment, wage violations, and substantial events giving rise to Plaintiffs' claims occurred at the Restaurant in Manhattan, New York.

12. Plaintiffs are properly joined under Federal Rule of Civil Procedure 20(a)(1) because their claims arise from the same series of employment and compensation practices at the Restaurant and present common questions of law and fact.

## 3. <u>FACTUAL ALLEGATIONS</u>

13. The Restaurant employed Plaintiffs as nonexempt delivery workers. In addition to making deliveries, Defendants required them to clean, cut cardboard, prepare and stock supplies, and perform other non-tipped restaurant duties for approximately two hours or more per shift.

14. Barreto Garcia worked from approximately November 2020 through 2023. He regularly worked Tuesday through Friday and Sunday, approximately 11:00 a.m. to 10:00 p.m., without duty-free meal breaks, totaling approximately 55 hours in a full workweek.

15. Barranco Piña worked from approximately January 16, 2023 through May 18, 2025. He regularly worked more than forty hours weekly, including lengthy shifts beginning around 11:00 a.m. and ending around 10:00 to 10:30 p.m., and frequently worked six days per week, without duty-free meal breaks.

16. Defendants paid each Plaintiff $80 in cash per shift, plus customer tips, regardless of how many hours the shift lasted. The flat cash payments were insufficient to satisfy the applicable minimum-wage and overtime requirements.

17. Defendants did not pay Plaintiffs an overtime premium for hours exceeding forty per workweek and did not pay the additional spread-of-hours compensation owed for workdays spanning more than ten hours.

18. Defendants never gave Plaintiffs the written notices required to claim any tip credit, including notice of their regular and overtime rates and the amount of any proposed tip credit. Plaintiffs also performed sufficient non-tipped work to disqualify Defendants from applying a tip credit on qualifying shifts.

19. Defendants' failure to provide wage notices and wage statements deprived Plaintiffs of information necessary to identify, calculate, and timely challenge their unpaid wages and overtime. Had Defendants provided the required information, Plaintiffs would have sought payment of their

unpaid wages sooner. As a result, Plaintiffs were deprived of wages owed to them for longer than they otherwise would have been.

20. Defendants and their managers retained portions of gratuities intended for Plaintiffs. Barranco Piña lost approximately $50 in tips on some occasions; Barreto Garcia likewise had tips retained from him. These amounts were not part of a lawful distribution to eligible tipped employees.

21. Defendants required Plaintiffs to obtain and pay for equipment needed to perform deliveries without reimbursement. Barreto Garcia spent approximately $1,500 on a bicycle, $70 on rain gear, and $60 on a helmet; Barranco Piña incurred approximately $4,000 for his delivery bicycle maintenance. These expenditures further reduced their wages below the lawful minimum.

22. Defendants failed to give either Plaintiff a proper wage notice at hiring, failed to furnish accurate itemized wage statements with cash payments, and did not maintain accurate records of all hours worked and wages paid.

23. Each Plaintiff worked more than 100 days without a required hiring notice and more than 20 days without a required wage statement. The violations described herein were repeated and ongoing throughout their employment.

## 4. CAUSES OF ACTION

### 4.1. MINIMUM WAGES (BOTH PLAINTIFFS)

24. Plaintiffs repeat and reallege the preceding allegations.

25. NYLL § 652 and 12 NYCRR § 146-1.2 required Defendants to pay at least the applicable minimum wage for all hours worked. Defendants were not entitled to reduce those obligations by an unauthorized tip credit.

26. Defendants paid each Plaintiff less than the minimum wages due. Plaintiffs are entitled to the underpayments, liquidated damages equal to 100% of those underpayments, prejudgment interest, attorneys' fees, and costs under NYLL § 663.

**4.2. <u>OVERTIME WAGES (BOTH PLAINTIFFS)</u>**

27. Plaintiffs repeat and reallege the preceding allegations.

28. Plaintiffs regularly worked more than forty hours per week. NYLL § 652 and 12 NYCRR § 146-1.4 required overtime pay at one and one-half times the applicable regular rate for hours beyond forty, calculated without an unauthorized tip credit.

29. Defendants failed to pay the overtime compensation owed. Plaintiffs seek unpaid overtime wages, 100% liquidated damages, prejudgment interest, attorneys' fees, and costs.

**4.3. <u>SPREAD-OF-HOURS PAY (BOTH PLAINTIFFS)</u>**

30. Plaintiffs repeat and reallege the preceding allegations.

31. Under 12 NYCRR § 146-1.6, Plaintiffs were entitled to one additional hour of pay at the basic minimum wage for each workday whose spread exceeded ten hours.

32. Defendants failed to pay that compensation on Plaintiffs' qualifying workdays. Plaintiffs seek all unpaid spread-of-hours wages, liquidated damages, prejudgment interest, attorneys' fees, and costs.

**4.4. <u>UNLAWFULLY RETAINED GRATUITIES (BOTH PLAINTIFFS)</u>**

33. Plaintiffs repeat and reallege the preceding allegations.

34. NYLL § 196-d prohibits employers and their agents from retaining any portion of an employee's gratuities. Defendants and their managers kept portions of Plaintiffs' tips in violation of that prohibition.

35. Plaintiffs are entitled to recover the gratuities unlawfully retained, together with interest, attorneys' fees, costs, and all relief authorized by law.

### 4.5. REQUIRED DELIVERY EXPENSES (BOTH PLAINTIFFS)

36. Plaintiffs repeat and reallege the preceding allegations.

37. Under 12 NYCRR § 146-2.7(c), expenses employees must incur to perform assigned work may not reduce their wages below the required minimum wage. Defendants shifted the cost of required delivery equipment to Plaintiffs and failed to reimburse them.

38. Plaintiffs seek all resulting wage shortfalls and recoverable required-work expenditures, together with applicable statutory relief, without duplicating amounts awarded for minimum-wage underpayments.

### 4.6. FAILURE TO PROVIDE WAGE NOTICES (BOTH PLAINTIFFS)

39. Plaintiffs repeat and reallege the preceding allegations.

40. NYLL § 195(1)(a) required Defendants to provide each Plaintiff a written notice of pay at hiring. Defendants provided neither Plaintiff with the required notice.

41. Each Plaintiff is entitled to $5,000 in statutory damages under NYLL § 198(1-b), plus attorneys' fees and costs.

### 4.7. FAILURE TO PROVIDE WAGE STATEMENTS (BOTH PLAINTIFFS)

42. Plaintiffs repeat and reallege the preceding allegations.

43. NYLL § 195(3) required Defendants to give each Plaintiff an accurate itemized wage statement with each wage payment. Defendants provided none.

44. Each Plaintiff is entitled to $5,000 in statutory damages under NYLL § 198(1-d), plus attorneys' fees and costs.

### 4.8. FLSA — UNPAID MINIMUM WAGES AND OVERTIME - *(Plaintiff Barranco Piña)*

45. Plaintiff Barranco Piña repeats and realleges the preceding factual allegations.

46. Barranco Piña regularly worked more than forty hours per workweek. Defendants compensated him at a flat daily rate without the overtime compensation required by 29 U.S.C. §

207(a)(1). In workweeks in which his wages did not satisfy the federal minimum wage for all hours worked, Defendants also violated 29 U.S.C. § 206(a).

47. Defendants' violations were willful. They maintained a flat-rate compensation system, failed to pay the legally required overtime premium, and failed to maintain accurate wage and hour records, despite their obligation to comply with federal wage laws.

48. Pursuant to 29 U.S.C. § 216(b), Barranco Piña seeks unpaid federal minimum wages and overtime compensation, an equal amount in liquidated damages, reasonable attorneys' fees, and costs.

### 4.9. FLSA — UNLAWFULLY RETAINED GRATUITIES - *(Plaintiff Barranco Piña)*

49. Plaintiff Barranco Piña repeats and realleges the preceding factual allegations.

50. Defendants, directly and through their managers and supervisors, unlawfully retained portions of Barranco Piña's tips in violation of 29 U.S.C. § 203(m)(2)(B).

51. Pursuant to 29 U.S.C. § 216(b), Barranco Piña seeks all tips unlawfully retained, an equal amount in liquidated damages, reasonable attorneys' fees, and costs.

## 5. DEMAND FOR JUDGMENT

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, awarding:

a. Unpaid minimum wages and overtime compensation under the FLSA and NYLL;

b. Unpaid spread-of-hours compensation under the NYLL;

c. All gratuities unlawfully retained under the FLSA and NYLL;

d. Recoverable amounts attributable to required delivery expenses;

e. Liquidated damages under the FLSA and NYLL as permitted by law;

f. Statutory damages under NYLL §§ 195 and 198 for wage-notice and wage-statement violations, to the extent Plaintiffs establish standing;

g. Prejudgment and postjudgment interest as permitted by law;

h. Reasonable attorneys' fees, costs, and disbursements;

i. Such other and further relief as the Court deems just and proper.

j. Plaintiffs seek no duplicative recovery under overlapping federal and state remedies.

**6.** JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demand a trial by jury on all issues so triable.

Dated: October 29, 2026

Respectfully,

*/s/ Clifford Tucker*

Clifford Tucker, Esq.
Sacco & Fillas LLP
31-19 Newtown Ave., 7th Floor
Astoria, New York 11102
718-269-2243
CTucker@SaccoFillas.com

## CONSENT TO JOIN ACTION

## REQUEST TO BECOME A PARTY-PLAINTIFF

I hereby consent to be a party plaintiff in an action to recover unpaid wages, including but not limited to minimum wages, overtime, spread of hours, gratuities, statutory and liquidated damages, attorney's fees, costs, interest, and other sums owing to me and other similarly situated employees under each and every federal and state wage and hour law, rule and regulation which may include but is not limited to the federal Fair Labor Standards Act, New York Labor Law, New Jersey Wage and Hour Law, and any other applicable law, rule, regulation, and wage order. If I am not a named Plaintiff(s), I authorized the named Plaintiffs to make all decisions involving this litigation and settle this action on behalf. I hereby authorize Sacco & Fillas LLP to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

Name: Enrique Barranco Piña

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature: Enrique Barranco piña (Oct 29, 2026 16:59:47 EDT) Date: Oct 29, 2026

## CONSENT TO JOIN ACTION

## REQUEST TO BECOME A PARTY-PLAINTIFF

I hereby consent to be a party plaintiff in an action to recover unpaid wages, including but not limited to minimum wages, overtime, spread of hours, gratuities, statutory and liquidated damages, attorney's fees, costs, interest, and other sums owing to me and other similarly situated employees under each and every federal and state wage and hour law, rule and regulation which may include but is not limited to the federal Fair Labor Standards Act, New York Labor Law, New Jersey Wage and Hour Law, and any other applicable law, rule, regulation, and wage order. If I am not a named Plaintiff(s), I authorized the named Plaintiffs to make all decisions involving this litigation and settle this action on behalf. I hereby authorize Sacco & Fillas LLP to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

Name: ___ Hilario Barreto Garcia__________

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature: Hilario Barreto Garcia (Aug 28, 2026 11:59:15 EDT) Date: 8/28/26